UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE SON REED,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>LINDA T. McGREW, Warden,<br><br>　　　　　Respondent. | NO. CV 14-1430-JLS (AGR)<br><br><br>ORDER TO SHOW CAUSE |

　　　On February 25, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241.  For the reasons discussed below, it appears the court lacks jurisdiction to entertain the petition.

　　　The court, therefore, orders Petitioner to show cause, on or before ***April 3, 2014***, why this court should not recommend dismissal without prejudice based on lack of jurisdiction.

**I.**

**SUMMARY OF PROCEEDINGS**

　　　Petitioner is incarcerated at the Federal Correctional Institution in Lompoc, California.

On March 17, 1992, a jury in the United States District Court, Western District of Oklahoma, convicted Petitioner of one count of violating 21 U.S.C. § 846 (conspiring to possess cocaine base with intent to distribute and to distribute cocaine base); two counts of violating 21 U.S.C. § 843 (using a telephone to facilitate the distribution of cocaine base); and one count of violating 21 U.S.C. § 841(a)(1) (distribution of cocaine base). *U.S. v. Reed*, Case No. CR-92-05-W ("*Reed District Court Case*"), Dkt. No. 409 at 1. The court sentenced him to 360 months in prison. *Id.* at 2.

On August 3, 1993, the 10th Circuit affirmed the convictions. *U.S. v. Reed*, 1 F.3d 1105, 1112 (10th Cir. 1993). One of the grounds on appeal was the sentence. The district court established found that the base level of the offense was predicated on Petitioner "being responsible for the sale of 216.5 grams."[1] Reed argued it was only 103 grams. The 10th Circuit concluded that there was sufficient evidence to support 216.5 grams. *Id.* at 1111.

Reed challenged a "four point upward adjustment . . . based on the [district court]'s finding that Reed was an organizer or leader of a drug operation that involved five or more individuals." The 10th Circuit concluded that there at least six members of the conspiracy and that Reed was the leader. *Id.*

Reed challenged a "two point enhancement for the possession of a firearm" during one of the criminal transactions. The 10th Circuit found that there was a weapon "present" during the commission of that crime. *Id.*

Reed challenged "the addition of nine points to his criminal history calculation, three for a crime committed by Reed as a juvenile, and six for two crimes committed as an adult." The 10th Circuit found that the juvenile conviction could be included because Petitioner was tried as an adult. Reed argued that the three adult convictions should been collapsed into one because the sentences

---

[1] The base offense level established by the district court was 34. *Reed District Court Case*, Dkt. No. 409 at 1.

2

were concurrent. The 10th Circuit found that the district court had not erred because each of the three crimes was discrete and committed on different days. *Id.* at 1111-12.

On May 23, 1997, Petitioner filed a § 2255 motion, which was denied as untimely by the district court. *U.S. v. Reed*, 1998 WL 817750, *1 (10th Cir. Nov. 27, 1998). The 10th Circuit denied a certificate of appealability. *Id.* at 4. Petitioner's attempts to file a second or successive § 2255 motion in 2000 and 2001 were "rejected by the courts." *U.S. v. Reed*, 176 Fed. Appx. 944, 945 (10th Cir. 2006.)

In February 2008, Petitioner requested a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Amendment 706 to the sentencing guidelines became effective on November 1, 2008,[2] and was made retroactive on March 3, 2008. *District Court Case*, Dkt. No. 409 at 3. Amendment 706 modified the drug quantity thresholds in the Drug Quantity Table. It reduced the base level by two points for defendants sentenced for crack cocaine offenses. *Id.* The district court denied the request because the two point downward reduction did not lower the "applicable guideline range." *Id.* at 5.

In 2011 Petitioner requested a reduction in his sentence to 210 months pursuant to the Fair Sentencing Act ("FSA"). The FSA "was intended to reduce the disparity between sentences involving crack and powder cocaine . . . [and] directed the Sentencing Commission to revise the sentencing guidelines to achieve consistency with other guideline provisions and applicable law." *Id.* at 6 (citation and quotation marks omitted). The court noted that Reed "qualified as a career offender," but because "the Presentence Investigation report noted that this classification would have no practicable effect under the circumstances . . . ,

---

[2] The 10th Circuit stated that the effective year was 2007, not 2008. *Reed District Court Case,* Dkt. No. 396 at 3. The difference was not material to the district court's 2008 ruling.

3

the career offender guideline was not used in calculating Reed's sentence." *Id.* at 2 n.1. Amendment 750 reduced the base offense level by four points, which would have given Petitioner a base offense level of 30 instead of 34. *Id.* at 7. However, the court found that because Petitioner qualified as a career offender his base level was 37, even after application of the amendment. Thus, his sentence would not change. *Id.* Therefore, on December 14, 2011, the court denied Petitioner's request. *Id.*

On January 5, 2012, Petitioner filed a motion to correct his sentence because of "clear errors" by the district court. *Reed District Court Case*, Dkt. No. 410. The court denied the motion on January 6, 2012. *Id.*, Dkt. No. 411.

On January 17, 2012, Petitioner filed a notice of appeal. *Id.*, Dkt. No. 412. On August 17, 2012, the 10th Circuit denied Petitioner's appeal as untimely. *Id.*, Dkt. No. 419.

On February 25, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in this court.

## II.

## DISCUSSION

"[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A § 2255 motion must be filed in the sentencing court. 28 U.S.C. § 2255 (a prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence"). On the other hand, a § 2241 petition must be filed in the district in which the prisoner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to

4

that prescribed under § 2255"); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

"[M]otions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864. However, § 2255's "savings clause" permits the filing of a § 2241 petition to challenge a conviction or sentence in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Because Petitioner has already made a § 2255 motion that was denied, this court has jurisdiction only if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255*; see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *see also Hernandez*, 204 F.3d at 864-65; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The savings clause is available to a prisoner "who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence." *Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000); *see also Stephens*, 464 F.3d at 898 ("we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim").

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have

convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citation and quotation marks omitted). "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him [citation omitted]. . . . [T]he parties are not limited to the existing trial record; the issue is 'factual innocence, not mere legal insufficiency.'" *Lorentsen*, 223 F.3d at 954 (quoting *Bousley*, 523 U.S. at 623).

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Petitioner does not contend he is actually innocent. Instead, he argues his sentence was improper because he did not qualify as a career offender. (*See, e.g.,* Petition at 5); *see also Garcia v. Holencik*, 2011 WL 2982741, *2 (C.D. Cal. July 21, 2011) (holding that the petitioner had not made a claim of actual innocence based on the allegation that "his prior conviction did not follow under the Controlled Substance Act or under 21 U.S.C. § 851" and "therefore qualifies for the two point reduction under the new retroactive Amendment 706 to the Crack Cocaine Guidelines"); *Rodriguez v. U.S.*, 2009 WL 6527708, *3 (C.D. Cal. Nov. 30, 2009) ("Because Petitioner is challenging the sentence imposed, and not the findings of guilt on the underlying charges, there is no actual innocence claim to be made." (collecting cases); *Hoskins v. Coakley*, 2014 WL 245095, *6 (N.D. Ohio Jan. 22, 2014) ("claims of sentencing error may not serve as the basis for an actual innocence claim").

Moreover, Petitioner had an unobstructed procedural shot to challenge the finding by the district judge that he was a career offender. However, he failed to do so on a timely basis. Petitioner argues that *Descamps v. United States*, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), demonstrates that he is not a career offender. (*See, e.g.,* Petition at 6.) In *Descamps*, the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282. Even assuming *Descamps* assists Petitioner, the Supreme Court has not made its holding retroactive. *See Wilson v. Holland*, 2014 WL 517531, *3 (E.D. Ky. Feb. 10, 2014) ("there is no indication in . . . *Descamps* that the Supreme Court made those holdings retroactive to cases on collateral review"); *Monroe v. U.S.*, 2013 WL 6199955, * (N.D. Texas Nov. 26, 2013) (the Court "did not declare that [*Descamps*] applied retroactively on collateral attack") (collecting cases). Indeed, it is improbable that *Descamps* announced a new rule of law. According to *Descamps*, Supreme Court "caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." (*id.* at 2283) & "Under our prior decisions, the inquiry is over." (*id.* at 2286).

### III.
### ORDER

IT IS THEREFORE ORDERED that, on or before **April 3, 2014**, Petitioner shall show cause, if there be any, why this court should not recommend dismissal without prejudice for lack of jurisdiction.

**If Petitioner fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed without prejudice based on lack of jurisdiction.**

DATED: March 3, 2014

_____
ALICIA G. ROSENBERG
United States Magistrate Judge